### THE FAIR WIND.

### REED v. NEW YORK, N. & H. STEAMSHIP CO., Limited.

(Circuit Court of Appeals, Second Circuit. December 3, 1894.)

No. 21.

ADMIRALTY—COLLISION—EVIDENCE.

Testimony of experts as to the angle at which a collision between two vessels must have occurred, based upon examinations of the vessels made after the accident, is not sufficient to warrant a reversal of a finding of the trial judge based upon testimony of eyewitnesses of the collision.

Appeal from the District Court of the United States for the Eastern District of New York.

This was a libel by the New York, Newfoundland & Halifax Steamship Company against the schooner Fair Wind (Edward P. Reed, claimant) for damages for collision between said schooner and libelant's steamer Portia. The district court rendered a decree for the libelant. Claimant appeals.

William W. Goodrich, for appellant.
Wilhelmus Mynderse, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The collision happened between 10 and 11 o'clock on the night of July 30, 1892, in Long Island Sound, near Eaton's Neck. The Portia, a steamer of 731 tons, and 220 feet long, was eastward bound, on a course E. by N. 1/2 N. The Fair

Wind, a schooner of about 90 tons, and 100 feet long, was sailing on a W. by S. course, with her booms to starboard. The wind was about E., or E. by N., and the night dark and overcast, with occasional rain squalls. The district judge has discussed the evidence at some length, and held the schooner responsible on the ground that she did not hold her course, and we see no reason to reverse his decision. The testimony is very conflicting, and no theory will reconcile the statements of the witnesses from both sides. The schooner's bowsprit brought up on the port bow of the steamer, and the angle at which the vessels came together is the material point in the case. If they came together at right angles, the conclusion reached by the district judge—namely, that, to get into such relative positions from their former headings, the schooner must have luffed—is fair and reasonable. His finding that they struck at right angles controlled his decision of the case, and the libelant has sought, by new proofs taken in this court, to secure a reversal of that finding. Such new proofs comprise a photograph and a drawing of the schooner's broken bowsprit, made long after the collision, and the opinion of a ship carpenter as to the indications which its appearance affords. The libelant has sought to meet this by calling a witness who surveyed the hole stove in the steamer's bow, to describe it and give his opinion as to the angle of the blow which made it. Such evidence, however, is hardly of a character to warrant a reversal of the findings of the district judge, when several of the eyewitnesses of the collision, including the mate of the schooner, testify that the vessels came together substantially at right angles, and no witness from either vessel testifies to the contrary. Although the night was dark and rainy, the atmospheric conditions were not such as to require the steamer, navigating in the wide water where she was, to reduce speed, under the rules as they then stood. She was running 8½ knots an hour. Lights were not visible as far as they might be on a clear night, but still, so far as the proof shows, they could be seen at sufficient distance to avoid them when running at that rate of speed. The decree of the district court is affirmed, with interest and costs.